UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS ABRONSON dba ABRONSON LAW OFFICES,<br><br>　　　　　　Defendant. | Case No.　5:21-cv-06629-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

　　　　In this insurance coverage dispute, Plaintiff Westport Insurance Corporation ("Westport") seeks a declaration that it has no duty to indemnify Defendant Louis Abronson dba Abronson Law Offices ("Abronson") under a Lawyers Professional Liability Policy for the settlement of an underlying suit.  Abronson moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 10.[1]  Westport filed an Opposition, Dkt. No. 12, and Abronson filed a Reply, Dkt. No. 13.  The Court finds this matter suitable for disposition without oral argument.  *See* Civil Local 7-1(b).  For the reasons discussed below, the Court will deny the motion.

**I.　　BACKGROUND**

　　　　The Complaint alleges the following.

　　　　**A.　　The Westport Policy**

　　　　Westport issued a claims-made and reported policy, Lawyers Professional Liability Policy

---

[1] Abronson's motion also requested transfer of the case to the San Jose Division.  Judge Yvonne Gonzalez Rogers granted that portion of the motion.  *See* Order re:  Reassignment to the San Jose Division, Dkt. No. 14.  Therefore, the motion to transfer is now moot.

Case No.: 5:21-cv-06629-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
1

No. WLA325010856804, to Abronson Law Offices for the policy period August 1, 2018 to August 1, 2019 (the "2018 Policy"). Compl. ¶7, Ex. A. The 2018 Policy contains Exclusion B, which states that the POLICY shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from:

> B.   any WRONGFUL ACT occurring prior to the effective date of the POLICY PERIOD for this lawyers professional liability policy issued by the Company to the NAMED INSURED if, (a) the WRONGFUL ACT had previously been reported to any other insurance company or (b) if the INSURED at the effective date of the POLICY PERIOD for this lawyers professional liability policy issued by the Company to the NAMED INSURED knew or could have reasonably foreseen that such WRONGFUL ACT might be expected to be the basis of a CLAIM.

*Id.* ¶ 19.

### B.   The Tucker Personal Injury Lawsuit

In April of 2016, Leesa Tucker ("Tucker") retained Abronson to represent her in connection with injuries she sustained on January 8, 2016, when she slipped and fell on a wheelchair ramp in Los Gatos, California. *Id.* ¶ 8. On December 18, 2017, Abronson filed suit in an unspecified court on behalf of Tucker against three different nongovernmental entities, and later amended the complaint to add a fourth. *Id.* ¶ 9. The Tucker complaint asserted a single cause of action for premises liability and alleged a negligently maintained handicap access ramp. *Id.* On May 31, 2018, Abronson learned that the true owner of the ramp was the Town of Los Gatos. *Id.* ¶ 10. On July 21, 2018, Abronson filed a Notice of Claim on Tucker's behalf against the Town of Los Gatos. *Id.* ¶ 12. The Town of Los Gatos denied the Claim as untimely. Opp'n at 3 n.1. On August 13, 2019, the Tucker lawsuit was dismissed with prejudice when summary judgment was entered in favor of the defendants. Compl. ¶15.

### C.   The Underlying Legal Malpractice Lawsuits

On April 16, 2019, Abronson first notified Westport regarding a potential claim in connection with his representation of Tucker. Comp. ¶14. Thereafter, in September and November 2019, respectively, Tucker filed state court actions against Abronson alleging breach of contract and negligence (the "Tucker Claim"). *Id.* ¶16. In July of 2020, the parties mediated and

Case No.: 5:21-cv-06629-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
2

1  settled the Tucker Claim. *Id.* With Abronson's consent and agreement, Westport paid the full

2  amount of the settlement, under a full reservation of its right to pursue its coverage defenses and

3  seek reimbursement from Abronson. *Id.* ¶17.

**D.  The Instant Action**

The Complaint contains a single cause of action for declaratory relief. Westport alleges that it has no duty to indemnify Abronson for the settlement of the Tucker Claim pursuant to Exclusion B in the Policy, and requests a declaration that "Wesport has no duty to indemnify Abronson for the settlement of the Tucker Claim." *Id.* ¶¶ 25, 27.A. The Complaint also seeks a declaration that Abronson must reimburse Westport for the $299,999 that it paid to settle the Tucker Claim. *Id.* ¶ 27.B.

**II.  STANDARDS**

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations." *Id.* at 664. The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). Dismissal "is proper only where there is no cognizable legal theory or an absence of

sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

### III.   DISCUSSION

Abronson asserts two bases for dismissing the complaint. First, citing *Logan v. Hancock Mutual Life Insurance Co.*, 41 Cal. App. 3d 988 (1974), Abronson contends that Westport was required, but failed to plead that it clearly communicated Exclusion B to him. Abronson's reliance on *Logan* is misplaced. In *Logan*, the insured died in a motorcycle accident weeks after completing an application for life insurance but before he received the policy. *Id.* at 991. The parties stipulated that the policy was in full force and effect at the time of death, but disputed whether two exclusionary clauses that were not brought to the insured's attention—participating in a felony and intoxication—were valid. *Id.* at 992-93. The *Logan* court ruled in favor of the beneficiaries, holding that "where a policy has not yet been issued, all standard exclusions to the insurance coverage, which the insured would not reasonably expect, must be called clearly and plainly to the attention of the insured if the insurer is to be permitted to rely on these exclusions to avoid payment of benefits under the policy." *Id.* at 996. Here, unlike in *Logan*, the 2018 Policy incepted months before Abronson reported a potential claim to Westport. Compl. ¶¶ 7, 14. Therefore, *Logan* is inapposite.

Further, Abronson's argument under *Logan* is in essence an affirmative defense, *i.e.*, that Westport purportedly waived its right to rely on Exclusion B by failing to clearly communicate the exclusion to him. *See Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991) ("Under California law, waiver is a question of fact [and an] affirmative defense for which the insured bears the burden of proof."). A plaintiff is not required "to anticipate and plead around all potential defenses." *HDI Global Ins. Co. v. San Fernando Realty, Inc.*, No. 20-cv-06468-SVW, 2020 WL 7872202, at *2 (C.D. Cal. Oct. 28, 2020). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.* (internal citations omitted); *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) ("Dismissal under Rule

Case No.: 5:21-cv-06629-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
4

12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint."). Here, the Complaint does not allege facts establishing an affirmative defense of waiver on its face. Therefore, the Court rejects Abronson's first argument.

Second, Abronson contends that an earlier issued Westport policy potentially provides coverage for the Tucker Claim (the "2017 Policy"). The 2017 Policy, however, is beyond the scope of the Complaint. Westport's Complaint relies exclusively on the 2018 Policy. As a general rule, when the legal sufficiency of a complaint is tested by a Rule 12(b)(6) motion, the district court's review is limited to the allegations in the complaint. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). Despite this well-settled rule, Abronson urges the Court to consider the 2017 Policy, reasoning that Westport placed it at issue insofar as paragraph 27.A of the Complaint seeks a broad declaration of no coverage without specifying any particular policy. *See* Compl. ¶ 27.A. ("WHEREFORE, Westport respectfully requests that this Honorable Court declare as follows: A. That Westport has no duty to indemnify Abronson for the settlement of the Tucker Claim"). Although it is true that paragraph 27.A, when read in isolation, suggests Westport seeks a broad declaration of no coverage, when it is read in the context of the Complaint as a whole, it is clear that Westport seeks declaratory relief only as to the 2018 Policy. Therefore, the Court rejects Abronson's argument.

## IV. CONCLUSION

For the reasons discussed above, Abronson's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: May 19, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-06629-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS
5